IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NATIONWIDE MUTUAL INSURANCE
COMPANY,

    Plaintiff,

v.                                    Civil Action No. 5:05CV45
                                                     (STAMP)
TRI-STATE MACHINE, INC., and
ROGER B. HERBERT,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT TRI-STATE MACHINE,
INC.'S MOTION TO DISMISS AND DEFENDANT
ROGER B. HERBERT'S MOTION TO DISMISS**

I.  Procedural History

On April 4, 2005, the plaintiff filed a complaint for declaratory relief in this Court pursuant to 28 U.S.C. § 2201. On April 25, 2005, defendant Tri-State Machine, Inc. ("Tri-State") filed a motion to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) for lack of federal jurisdiction. The plaintiff responded in opposition and Tri-State replied. On May 4, 2005, defendant Roger B. Herbert ("Herbert") filed a motion to dismiss that incorporated the arguments made in Tri-State's motion. The plaintiff responded in opposition to this motion.

The motions to dismiss filed by Tri-State and Herbert are now before this Court. After considering the parties' memoranda and

the applicable law, this Court finds that federal jurisdiction is lacking and these motions must be granted.

## II. Facts

This case stems from an underlying action pending in the Circuit Court of Ohio County, West Virginia: Roger B. Herbert v. Tri-State Machine, Inc., Civil Action No. 04-C-83. In the underlying complaint, Herbert alleges causes of action that include unlawful discrimination, tort of outrage, and violations of the West Virginia Human Rights Act, W. Va. Code § 5-11-1 to -21.

The plaintiff was Tri-State's insurer during the period applicable to the underlying lawsuit. Tri-State has made a demand for coverage, indemnification, and defense under the insurance policy with respect to the underlying suit. In the present action, the plaintiff is seeking a declaration from this Court that it does not have a duty to provide benefits, coverage, indemnification, or defense to Tri-State for the underlying suit under the terms of the policy.

## III. Applicable Law

The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Mims v. Kemp, 516 F.2d 21 (4th Cir. 1975). A lack of subject matter

jurisdiction may be asserted at any time by any interested party either in the form of the answer or in the form of a suggestion to the court prior to final judgment. 5A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1350, at 201-02 (2d ed. 1990). Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. <u>See</u> <u>Materson v. Stokes</u>, 166 F.R.D. 368, 371 (E.D. Va. 1996). Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. <u>See</u> Fed. R. Civ. P. 12(h)(3).

## IV. <u>Discussion</u>

Tri-State and Herbert contend that this Court lacks subject matter jurisdiction because no federal question is at issue and diversity of citizenship is lacking. In response, the plaintiff argues that this Court has jurisdiction because the issuance of the insurance policy by an out-of-state insurer was an act of commerce under the United States Constitution, and therefore, falls under federal jurisdiction. The plaintiff further argues that this Court can decide the rights under the policy without becoming entangled in state court action. In reply, Tri-State argues that this action

raises questions under West Virginia contract and insurance law, and that no federal question exists.

Title 28, United States Code, Section 2201 states in pertinent part: "In a case of actual controversy <u>within its jurisdiction</u> . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not relief is or could be sought. . . ." 28 U.S.C. § 2201(a)(emphasis added). "A request for declaratory judgment constitutes a form of relief, not a cause of action." <u>Fitts v. Federal Nat'l Mortg. Ass'n</u>, 44 F. Supp. 2d 317, 330 (D.D.C. 1999). Thus, actions for declaratory relief must either be between parties of diverse citizenship or raise questions of federal law. <u>See</u> 28 U.S.C. §§ 1331, 1332.

Federal courts possess original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2000). A cause of action can be considered to arise under federal law "only when the plaintiff's well-pleaded complaint raises issues of federal law." <u>Metro. Life Ins. Co. v. Taylor</u>, 481 U.S. 58 (1987). "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" <u>Republican Party of Guam v. Gutierrez</u>, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting

Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).

> Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court. If the cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law, it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim. This is dubious even though the declaratory complaint sets forth a claim of federal right, if that right is in reality in the nature of a defense to a threatened cause of action. Federal courts will not seize litigations from state courts merely because one, normally a defendant, goes to federal court to begin his federal-law defense before the state court begins the case under state law.

Public Serv. Com. v. Wycoff Co., 344 U.S. 237, 248 (1952).

In this case, the threatened cause of action by the defendants is a state law insurance contract claim. Tri-State could potentially bring an action against the plaintiff for breach of contract if the plaintiff fails to cover, defend, and indemnify Tri-State in the underlying state action. While the plaintiff claims that the complaint presents a federal question because the issuance of the policy was an act of interstate commerce, this Court can find no law to support this contention. The plaintiff cites McNeil v. Time Ins. Co., 205 F.3d 179 (5th Cir. 2000), in support of its argument that an interstate insurance contract can create federal question jurisdiction. However, McNeil does not stand for that proposition. In McNeil, the court did not base its

5

jurisdiction on the issuance of an interstate insurance policy; rather, the McNeil court held both federal question jurisdiction pursuant to the Employee Retirement Income Security Act ("ERISA") as well as diversity jurisdiction.

The mere fact that the insurance policy at issue was an act of interstate commerce does not create jurisdiction in this Court.

> Federal courts, under our system, have limited jurisdiction. The jurisdiction statutes do not embrace every action that may be brought by a person engaged in interstate commerce merely because the defendant in the action may be charged with conduct that in some way would amount to interference with the free flow of commerce.

Eastern Air Lines, Inc. v. Flight Engineers Int'l Ass'n, 340 F.2d 104, 107 (5th Cir. 1965). Thus, given the fact that the complaint raises only state law questions, this Court can find no basis for jurisdiction. The defendants' motions to dismiss must be granted.

## V. Conclusion

For the reasons stated above, Tri-State's motion to dismiss pursuant to Rules 12(b)(1) and 12(h)(3) and Herbert's motion to dismiss are GRANTED. This case is hereby DISMISSED and STRICKEN from the docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   June 2, 2005


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE